UNITED STATES DISTRICT COURT
                         DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | )  Magistrate No. 2:11-mj-00228-NT |
| | ) |
| **DEREK DOW** | ) |

**ORDER**

This matter came before this Court, pursuant to Title 18, United States Code, Section 4241, for a hearing to determine the competency of Derek Dow to stand trial. Pursuant to the Court's earlier Order, the United States Bureau of Prisons has conducted an examination of the Defendant.

On February 27, 2012, this Court held a competency hearing pursuant to 18 U.S.C. § 4247(d). This Court heard testimony from Dr. Miriam Kissin and the Defendant. Additionally, this Court admitted in evidence the forensic report prepared by Dr. Kissin as well as Dr. Kissin's curriculum vitae.

This Court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect that renders him unable to assist properly in his defense. This Court makes that finding based on the testimony and evidence presented at the February 27 hearing and this Court's personal observations of the Defendant in the courtroom during that hearing.

**IT IS ORDERED THAT:**

Pursuant to Title 18, United States Code, Sections 4241(d) and (e), the defendant is committed to the custody of the Attorney General. The Attorney General is ordered to

hospitalize the defendant for treatment in a suitable facility --

    1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the proceedings to go forward; and

    2) for an additional reasonable period of time until --

    (A) his mental condition is so improved that trial may proceed, if the Court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or

    (B) the pending charges against him are disposed of according to law;

whichever is earlier.

If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the trial to proceed, the defendant is subject to the provisions of Title 18, United States Code, Section 4246.

If the director of the facility in which the defendant is hospitalized, pursuant to Title 18, United States Code, Section 4241(d), determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the director shall promptly file a certificate to that effect with the Clerk of this Court. The Clerk shall then send a copy of the certificate to the attorney for the defendant and to the attorney for the Government, and the matter shall be set for a hearing

pursuant to Title 18, United States Code, Section 4247(d).

A copy of this Order shall be given to the United States Marshal and the Marshal shall make arrangements as are necessary for the hospitalization of the defendant as required by this Order. If the defendant is hospitalized outside the District of Maine, upon the defendant's return to the District of Maine from the facility, the U.S. Marshal shall immediately notify this Court of that fact.

The period of commitment from the date of this Order shall be excluded in computing the time within which the trial of any such offense must commence, pursuant to Title 18, United States Code, Section 3161(h)(1)(A).

SO ORDERED.

Dated this 28th day of February, 2012.

/s/ NANCY TORRESEN
NANCY TORRESEN
U.S. District Judge